# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0360-20

E.P-U.,[1]

    Plaintiff-Respondent,

v.

K.D.,

    Defendant-Appellant.

_____

        Submitted September 15, 2021 – Decided October 12, 2021

        Before Judges Hoffman and Geiger.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-1653-20.

        Law Office of Louis G. DeAngelis, LLC, attorney for appellant (Louis G. DeAngelis and Felicia Corsaro, on the brief).

        Respondent has not filed a brief.

PER CURIAM

---

[1] In accordance with Rule 1:38-3(d)(10), we identify the parties by initials.

Defendant K.D. appeals from an FRO entered on June 15, 2020 and an amended FRO entered on August 28, 2020, under the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35.2. Defendant contends the trial judge erred by finding that he committed a predicate domestic violence offense and that an FRO was necessary to protect plaintiff E.P-U. from future domestic violence; in addition, defendant challenges the award of attorney's fees to plaintiff. We affirm.

I.

Plaintiff filed a complaint under the Act on March 22, 2020, requesting a temporary restraining order (TRO) against defendant for the predicate act of robbery, N.J.S.A. 2C:15-1; on April 20, 2020, plaintiff amended her complaint to include the predicate act of harassment, N.J.S.A. 2C:33-4. An FRO hearing was conducted over five days, beginning on June 8, 2020. We summarize the evidence from that hearing.

The parties are married and have one child. According to plaintiff, on March 21, 2020, defendant was "already waiting for [her]" when she arrived "home from a class." Plaintiff recounted that defendant started "calling [her] names, calling [her] a prostitute and saying 'who knows where [she] was coming from.'" Defendant accused her of "most probably coming from New York,

A-0360-20

coming from seeing [her] boyfriend." Defendant then accused plaintiff of "probably bringing [home] coronavirus" and demanded she take a shower.

After she took a shower, plaintiff went to bed and placed a stick against the bedroom door to act as a make-shift lock. Plaintiff explained that the door does not have a lock "because when [defendant] gets angry, he has broken doors." The next morning, defendant "knocked the door down" and accused plaintiff of taking something out of his motor vehicle. Defendant then came "over to [plaintiff] and grabbed [her], trying to grab the phone." Defendant then "pushed [plaintiff] against the bed" and "stole [her] bag."

At the conclusion of the trial, the judge made factual findings and credibility determinations that find adequate support in the record. Based on those findings, the judge concluded that defendant committed the predicate acts of harassment and robbery. She further made the required findings under Silver[2] for the entry of an FRO.

After the judge entered the FRO in her favor, plaintiff orally requested attorney's fees. In a subsequent order dated June 17, 2020, the trial judge denied plaintiff's request for counsel fees "without prejudice." In a footnote, the judge set forth the reason for the denial, explaining that "[p]laintiff's counsel did not

---

[2] Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

A-0360-20

provide the [c]ourt with a certification of services." On July 22, 2020, plaintiff filed a motion for reconsideration of counsel fees and submitted a certification of services from her attorney, Carmella Novi, Esq., who represented plaintiff before trial, but not at trial.

Defendant opposed the motion as untimely. The judge provided the following explanation for rejecting this argument:

> [T]he [c]ourt is entitled to relax the court rules where it sees fit in the interests of justice and fairness. The Appellate Division determined that a . . . motion to amend or reconsider interlocutory orders . . . may be made at any time until final judgment[,] in the (c)ourt's discretion and in the interests of justice.
>
>     . . . .
>
> And I further note the extenuating circumstances that litigants and attorneys face due to circumstances present of the COVID-19 pandemic. New Jersey judiciary has implemented various modifications in response to the pandemic in a series of omnibus orders . . . . And provision 13 of the April 24, 2020 Second Omnibus Order states: "In recognition of the pervasive and severe effects of the COVID-19 public health crisis, the Court in any individual matters consistent with Rule 1:1-2(a) may extend other deadlines or otherwise accommodate the legitimate needs of the parties, attorneys, and others in the interest of justice."

A-0360-20

On August 28, 2020, the judge granted plaintiff an award of attorney's fees in the amount of $4,190, approximately one half of the amount requested. This appeal followed.

On appeal, defendant argues the judge's credibility findings in favor of plaintiff lack support in the record. Defendant also contends that plaintiff did not prove the elements of the alleged predicate acts or the ongoing need for protection of a FRO. Finally, he asserts the award of attorney's fees was improper. Plaintiff did not file a brief.

II.

In a domestic violence case, we owe substantial deference to a family judge's findings, which "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474-484 (1974)). This is particularly true where the evidence is testimonial and implicates credibility determinations. Ibid. (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We will not overturn a judge's factual findings and legal conclusions unless we are "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resort, Inc., 65

A-0360-20

N.J. at 484).

When determining whether to grant an FRO under the Act, a judge must undertake a two-part analysis. Silver, 387 N.J. Super. at 125-27. First, "the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. Second, the judge must determine whether a restraining order is necessary to protect the plaintiff from future acts or threats of violence. Id. at 127.

Applying these standards to the arguments raised by defendant, we discern no basis for disturbing the trial judge's decision granting an FRO to plaintiff. There was substantial credible evidence in the record to support the trial court's finding that defendant committed an act of harassment. Because we conclude the judge correctly determined that plaintiff proved her claim of harassment, we need not address whether plaintiff proved her robbery claim.

The harassment statute provides that a person commits harassment if, with purpose to harass another, he or she:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

A-0360-20

b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

[N.J.S.A. 2C:33-4(a) to (c).]

Harassment requires the defendant to act with the purpose of harassing the victim. J.D. v. M.D.F., 207 N.J. 458, 486 (2011). A court may glean intentional harassment from attendant circumstances, C.M.F. v. R.G.F, 418 N.J. Super 396, 404-05 (App. Div. 2011), and may consider the totality of such circumstances in determining whether the harassment statute has been violated. Cesare, 154 N.J. at 404. A judge may use "[c]ommon sense and experience" when determining a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997) (citing State v. Richards, 155 N.J. Super 106, 118 (App. Div. 1978)).

Here, the trial judge concluded that defendant violated subsections (a) and (b) of N.J.S.A. 2C:33-4. The judge found that defendant harassed plaintiff by awakening her, after forcing his way into her bedroom, and then "scream[ed] that she was a thief, that she had taken something away from the car, and called her a prostitute and a bitch." The judge recounted that plaintiff stated that defendant "was enraged and that [she]was frightened. She reached for the phone to call the police, at which point defendant pushed her to grab the phone. And

when he couldn't grab the phone, he pushed [her] again." The judge found that "defendant removed her purse from that room, which contained her keys, perfume, other things that she had, and he went on offending her while her daughters were in the room," calling plaintiff "a whore" as "he ran out of the door." The judge "found [] plaintiff to be candid, to know what she was talking about, and there was an inherent believability to her testimony." In contrast, the judge did "not find [] defendant's categorical denial of this complaint to be convincing or reasonable."

The judge rejected defendant's claim that "this otherwise angry exchange was not accompanied by the foul language and derogatory comments that were made[,] as testified to by the plaintiff." The judge considered "the totality of the circumstances in determining the requisite mens rea for the harassment, which is to annoy or alarm." Clearly addressing N.J.S.A. 2C:33-4(a), the judge concluded that, "wak[ing] someone up through a locked door, who has been asked to be left alone, to the point of being frightened and when [] plaintiff says, 'I'm going to call the police,' [] defendant grab[bing] the phone [and] pushing [] plaintiff twice[,] crosses the line from domestic contretemps." The judge further found that "plaintiff was subjected to a shoving or other offensive touching," thereby violating N.J.S.A. 2C:33-4(b).

8

We are satisfied there was sufficient evidence supporting the judge's determination that defendant harassed plaintiff consistent with N.J.S.A. 2C:33-4(a) and (b). Harassment includes acts of alarming conduct done with the purpose to alarm or seriously annoy, such as "repeated communications directed at a person that reasonably put that person in fear for his [or her] safety or security or that intolerably interfere with that person's reasonable expectation of privacy." State v. Burkert, 231 N.J. 257, 284-85 (2017).

Given our decision under the harassment statute, we need not address whether defendant's conduct also violated the robbery statute. The harassment finding under N.J.S.A. 2C:33-4, and the finding there was a need to protect plaintiff from further harassment, are all that are necessary to affirm entry of the FRO. We therefore affirm the issuance of the FRO based on the predicate act of harassment.

We next consider defendant's claim the judge erred in finding plaintiff required an FRO to protect her from future acts of domestic violence. In determining whether a restraining order is necessary, a judge must evaluate the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6) and, applying those factors, decide whether an FRO is required "to protect the victim from an

immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127. Whether a restraining order should be issued depends on the seriousness of the predicate offense and "the previous history of domestic violence between the plaintiff and defendant including previous . . . harassment. . . ." Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995).

In finding that plaintiff required an FRO to protect her from further acts of domestic violence, the judge cited credible testimony of plaintiff that described the "controlling and abusive relationship" she has endured with defendant, including his past conduct of "grabbing her belongings and throwing [them] on the floor, taking her belongings and throwing them outside of the home." In addition, plaintiff recounted defendant "previously . . . depriv[ing] her of keys," and defendant calling her "derogatory names at her home and at her place of employment . . . ." We are satisfied there was sufficient evidence in the record to support the judge's findings under both Silver prongs.

We also reject defendant's arguments challenging the award of attorney's fees to plaintiff. Initially, we conclude the judge did not abuse her discretion in considering plaintiff's application for attorney's fees after plaintiff submitted the required certification from her attorney. Once made, such an interlocutory order may always be reconsidered, on good cause shown and in the interests of justice,

prior to entry of final judgment. <u>Johnson v. Cyklop Strapping Corp.</u>, 220 N.J. Super. 250, 257, 263-64 (App. Div. 1987).

We decline to address the merits of defendant's arguments challenging the award of attorney's fees because defendant failed to include in his appendix the certification that plaintiff submitted from her attorney, which the judge relied upon in awarding attorney's fees to plaintiff. "A party on appeal is obliged to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.' <u>R.</u> 2:6-1(a)(1)(H); <u>R.</u> 2:6-3." <u>Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs.</u>, 347 N.J. Super. 163, 177 (App. Div. 2002). Here, defendant failed to provide this court with the critical part of the trial court record that would permit us to properly review the trial judge's decision to award plaintiff attorney's fees. Accordingly, we decline to consider defendant's arguments regarding the award of attorney's fees to plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0360-20